IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KLINKENBORG AERIAL SPRAYING AND SEEDING INC, <br><br> Plaintiff, <br><br> vs. <br><br> ROTORCRAFT DEVELOPMENT CORPORATION, ROTORCRAFT HOLDINGS, LLC, ROTORCRAFT SPARES, LLC, SELECT AVIATION SERVICES, INC., SELECT AVIATION HOLDINGS, LLC, SELECT TURBINE COMPONENTS, INC. and GARY FOX, individually, <br><br> Defendants. | CV 12–202–M–DLC-JCL <br><br> ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on March 15, 2013, and recommended that the motion to set aside the default (doc. 28) be granted. Plaintiff did not timely object to the Findings and Recommendation, and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus.

Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Based on the factors set forth in Federal Rule of Civil Procedure 55(c), Judge Lynch found there is no evidence that Klinkenborg will be prejudiced if the entry of default is set aside. He also stated that doing so will simply restore "the parties to an even footing in the litigation" and allow this case to be decided on the merits. *TCI Group*, 244 F.3d at 701. He found that defendants have met their burden of offering potentially meritorious defenses, and this factor weighs heavily in favor of setting aside the default. Further, he found that defendants' explanation, as presented in their brief, is a legitimate one that credibly negates any bad faith intent on their part to take advantage of Klinkenborg, interfere with judicial decision making, or otherwise manipulate the legal process. Judge Lynch concluded that particularly in light of the strong policy favoring resolution of cases on the merits, the default entered against defendants should be set aside. After a review of Judge Lynch's Findings and Recommendation, I find no clear error. Accordingly,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (doc. 39) are adopted in full. Defendants Rotorcraft Development Corporation,

Rotorcraft Holdings, LLC, Select Aviation Services, Inc., Select Aviation Holdings, LLC, and Select Turbine Components, Inc.'s Motion to Set Aside Default (doc. 28) is GRANTED.

DATED this 3rd day of May 2013.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court